# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas E., Respondent Below,**
**Petitioner**

**FILED**

October 21, 2013
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 13-0176** (Harrison County 12-D-75)

**Amy F., Petitioner Below,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Father, by counsel Amy Lanham, appeals the Circuit Court of Harrison County's order entered on January 18, 2013, that affirmed the family court's final order.[1] Respondent Mother, by counsel Betsy Griffith, filed a response, to which Petitioner Father filed a reply. On appeal, Petitioner Father alleges that the circuit court abused its discretion in finding that the parties equally shared parenting responsibilities, improperly considered their temporary arrangement after separation, and erred in ordering that the child attend school in Harrison County.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties had a three-year intimate relationship prior to the birth of their child, but were never married. On February 17, 2009, Respondent Mother gave birth to their child. The parties separated in November of 2011. Thereafter, on February 7, 2012, Respondent Mother filed a petition for child custody and support. By order entered on April 4, 2012, the Family Court of Harrison County granted the parties temporary shared custody and shared decision-making authority regarding their minor child.

On June 12, 2012, the Family Court of Harrison County held a hearing on Respondent Mother's petition during which the family court heard extensive testimony regarding each party's custodial allocation. By order entered on October 15, 2012, the Family Court of Harrison County ordered that the parties shall have shared custody and shared decision-making authority for the child. On November 14, 2012, Petitioner Father appealed the final custody order to the Circuit Court of Harrison County. The circuit court reviewed the petition for appeal, the family

---

[1]"We follow our past practice in . . . domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

court's order, the pleadings filed in the underlying matter, the testimony at the hearing, and the record before it, and determined that the family court's finding of fact and conclusions of law were not clearly erroneous and were made within its legitimate discretion. It is from this order that Petitioner Father appeals.

On appeal, Petitioner Father asserts three assignments of error. First, Petitioner Father argues that the circuit court violated West Virginia Code § 48-9-205(a)(3) by improperly considering Respondent Mother's custodial allocation responsibilities during the first year of the child's life. Second, Petitioner Father argues that the family court ignored West Virginia Code § 48-9-206(b) and based part of its decision on how the parties divided visitation after they separated, rather than basing it on the caretaking each party performed prior to separation. Finally, Petitioner Father argues that the family court abused its discretion when it ordered that the child attend school in Harrison County.

This Court has stated that:

> In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Petitioner Husband's first two assignments of error are substantially related, and we address them together. West Virginia Code § 48-9-206, in part, states that "the court shall allocate custodial responsibility so that the proportion of custodial time the child spends with each parent approximates the proportion of time each parent spent performing caretaking functions for the child prior to the parents separation or . . . before the filing of the action." Respondent Mother testified that with the exception of one month during the first ten months of the child's life she was a stay-at-home mom.[2] She also testified that Petitioner Father took twelve weeks of Family Medical Leave following the child's birth. She testified that during this time period they "tried to do everything together," and resided together dividing the time between each party's home. Petitioner Father's sister testified that both parties jointly participated in taking care of the child, while the paternal grandmother testified that Petitioner Father was responsible for seventy-five percent of the caretaking. The circuit court also received and considered evidence concerning the parties' work schedules, including over-time and Petitioner Father's responsibilities as union president, and Respondent Mother's alleged gambling problem.

The family court properly considered the conflicting testimony regarding the parent's custodial allocation during the child's life and was in a position to evaluate the credibility about the witnesses. As indicated by the circuit court, the family court was also entitled to deference to the extent that the family court relied on determinations it made of the parties' credibility. See

---

[2] Respondent Mother testified that she worked two days a week during first ten-months of the child's life.

*State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). Furthermore, the record is devoid of any evidence that the family court improperly considered the parties' prior shared custody agreement in making its final decision. Contrary to Petitioner Father's argument, after considering all of the testimony regarding each party's caretaking functions the family court found that over time the parties maintained a 50/50 arrangement. After carefully considering the record on appeal and Petitioner Father's arguments, it does not appear that the family court abused its discretion on these issues.

We turn to Petitioner Father's third assignment of error. This Court finds no merit in Petitioner Father's argument that the family court abused its discretion in ordering that the child attend school in Harrison County. The record below shows that there was insufficient evidence to determine which school was "better." Therefore, the family court considered other factors, such as the fact that both parents work in Harrison County and one or both parents would be easily available if the child became ill or there was an emergency at school. This Court has stated that "[i]n a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided." Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, 47 S.E.2d 221 (1948). Based upon the family court's findings it is clear that the family court made its decision based upon the child's best interests.

For the foregoing reasons, we find affirm.

Affirmed.

**ISSUED:** October 21, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II